IN THE MIDDLE DISTRICT OF FLORIDA
UNITED STATES DISTRICT COURT
TAMPA DIVISION

**REMI WATSON,**

    **Plaintiff,**

vs.                                          CASE NO.: _____

**ENTERPRISE LEASING COMPANY
OF FLORIDA, LLC,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, REMI WATSON, by and through his undersigned counsel, hereby sues the Defendant, ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, a foreign corporation and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Plaintiff, REMI WATSON, is a resident of Polk County, Florida.

4. Defendant, ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within this Judicial District.

5. Defendant, ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, is an

employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

6. At all times material, Defendant, ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

7. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

8. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

## FACTS

10. Plaintiff, REMI WATSON, began his employment with the Defendant on or around April 24, 2017 as a Manager Trainee.

11. In or around June 2019, Plaintiff was promoted to Branch Manager.

12. During the last weeks of August 2019, Plaintiff was left with no "customer facing employee" which made him responsible for the job of two employees for an entire month.

13. Plaintiff reached out to his Area Manager, Jonathan Williamson, a white male, requesting someone to cover his lunch breaks.

14. Mr. Williamson told Plaintiff to call other branches to see if they had anyone that could cover. Plaintiff called other branches but did not have success in finding anyone to cover his lunch breaks.

15. Mr. Williamson would often make extremely racist gestures and comments to

Plaintiff such as the following:

    a.    Any time Plaintiff would complain about not being able to take a lunch break, Mr. Williamson would show up with Barbeque and Collard Greens. This happened on numerous occasions.

    b.    Mr. Williamson would make jokes about fried chicken and watermelon as if that is all that African Americans eat.

    c.    Mr. Williamson would make comments about Plaintiff not knowing about "white-cultured" music and foods, which is why he chose to bring Plaintiff barbecue.

    d.    Mr. Williamson would change radio stations to rap in Plaintiff's presence and often looked at him and randomly started rapping "Lil Wayne songs", particularly the song "Georgia Bush".

    e.    Mr. Williamson verbally admitted that Plaintiff was the first person of color that he had to manage that grew up in a less-fortunate situation.

    f.    Mr. Williamson stated that he was "more black" than the previous manager of the location Plaintiff was working at.

16.    In the beginning of October 2019, a new employee was sent to Plaintiff's branch.

17.    Mr. Williamson made the comment that he was being transferred to Plaintiff's location as he was having a difficult time fitting in the other branch and Mr. Williamson felt that Plaintiff would be a better fit to manage this employee. The employee was a black male.

18.    Mr. Williamson told another branch manager that he felt Plaintiff could relate to the employee because "They are both black and came from nothing and had to work their way up."

19.    In January 2020, Mr. Williamson informed Plaintiff that they were transferring

his employee to another location once again leaving Plaintiff shorthanded.

20. In March 2020, Plaintiff informed Mr. Williamson that he needed to schedule a meeting with HR because he felt he was being mistreated. Mr. Williamson said he would coordinate the meeting which never took place.

21. On April 7, 2020, Mr. Williamson called Plaintiff to inform him that there would be a meeting the following morning at the corporate office.

22. On April 8, 2020, in attendance at the meeting were Mr. Williamson, Elizabeth Amanda Dieas, HR and Mike Stopcynski, Group Comptroller. Mr. Williamson began asking Plaintiff questions regarding a complaint that was made on March 23, 2020. Plaintiff answered all the questions and then Plaintiff was asked to leave the room. Shortly afterwards, Plaintiff was terminated.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION

23. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 22.

24. Plaintiff is a black male.

25. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of 42 U.S.C. § 1981, for which Defendant is liable.

26. Defendant knew, or should have known of the discrimination.

27. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

  d.  Compensatory damages for emotion pain and suffering;

  e.  Punitive damages;

  f.  For costs and attorney's fees;

  g.  Injunctive relief;

  h.  For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, REMI WATSON, demands a trial by jury and judgment against Defendant, ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

### DEMAND FOR JURY TRIAL

28. Plaintiff, REMI WATSON, requests a jury trial on all issues so triable.

**DATED** this 27th day of January.

            **FLORIN, GRAY, BOUZAS, OWENS, LLC**

            */s/Christopher D. Gray*
            **CHRISTOPHER D. GRAY, ESQUIRE**
            Florida Bar No.: 902004
            Primary: chris@fgbolaw.com
            Secondary: debbie@fgbolaw.com
            **WOLFGANG M. FLORIN, ESQUIRE**
            Florida Bar No.: 907804
            wolfgang@fgbolaw.com
            16524 Pointe Village Drive, Suite 100
            Lutz, FL 33558
            Telephone (727) 254-5255
            Facsimile (727) 483-7942
            Attorneys for Plaintiff